IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARA MILLER, )<br>)<br>       Plaintiff, )<br>)<br>  v. )<br>)<br>ALLEGHENY CLINIC and )<br>ALLEGHENY HEALTH NETWORK, )<br>)<br>       Defendants. ) | Case No. 2:23-cv-805 |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Allegheny Clinic and Allegheny Health Network ("AHN," and collectively, "Defendants"), through their undersigned counsel, hereby answer the Complaint filed by Plaintiff Sara Miller ("Miller" or "Plaintiff"). The paragraphs below correspond to the like-numbered paragraphs in the Complaint. Unless specifically admitted herein, Defendants deny every allegation in the Complaint.

The introductory Paragraph of the Complaint is admitted in part and denied in part. Defendants admit that Miller filed the action against Defendants for claims under the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and Title VII of the Civil Rights Act of 1964 ("Title VII"). It is denied that Defendants violated any of these statutes or any other law.

1. Admitted in part and denied in part. It is admitted that Miller is an adult individual. After reasonable investigation, Defendants lack sufficient knowledge or information to form a belief as to where Miller resides and therefore deny these allegations.

2. Admitted in part and denied in part. It is admitted that Allegheny Clinic has a registered address of 120 Fifth Avenue, Suite 2900, Pittsburgh, Pennsylvania 15222. It is also

admitted that Allegheny Clinic's registered address with the Pennsylvania Department of State is the same address for AHN's headquarters. It is denied that Allegheny Clinic is a corporation. On the contrary, Allegheny Clinic is a non-profit organization.

3. Admitted in part and denied in part. It is admitted that AHN has a headquarters located at 120 Fifth Avenue, Suite 2900, Pittsburgh, Pennsylvania 15222. It is denied that AHN is a corporation. On the contrary, AHN is a non-profit organization.

4. Admitted in part and denied in part. It is admitted that Allegheny Clinic and AHN employed more than 50 employees and are covered employers under the ADA, FMLA, and Title VII. Defendants deny the allegations to the extent Miller conflates in her pleading both separate legal entities as a single party. By way of further answer, Defendants deny that AHN was Miller's employer. At all relevant times, Miller was employed solely by Allegheny Clinic.

5. Miller omits Paragraph 5 of the Complaint and therefore no response is required.

6. The averments in Paragraph 6 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

7. The averments in Paragraph 7 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

7. Admitted in part and denied in part. It is admitted that Miller is a female. It is denied that Miller was employed by AHN. On the contrary, at all relevant times, Miller was employed by Allegheny Clinic. After reasonable investigation, Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 7. Defendants therefore deny the same.[1]

---

[1] Miller repeats Paragraph 7 of the Complaint.

8. After reasonable investigation, Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 8. Defendants therefore deny the same.

9. Admitted in part and denied in part. It is admitted that Miller at times performed her job well and elevated the day-to-day operations of the office in which she worked. Allegheny Clinic in turn recognized her contributions and rewarded her with promotions and pay raises. It is denied that Miller always performed at this level. On the contrary, Miller's job performance suffered in 2021 and 2022 and eventually as a result Allegheny Clinic terminated her employment.

10. After reasonable investigation, Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 10. Defendants therefore deny the same.

11. Admitted in part and denied in part. It is admitted that in July 2018, Miller changed jobs and began working for Allegheny Clinic as a Senior Office Manager in AHN's Rheumatology Department. It also is admitted that Miller exceled in this position. Defendants deny Miller's characterization that this was "unsurprising."

12. Admitted.

13. Admitted in part and denied in part. It is admitted that Pediatric Alliance was a regional practice with 17 locations in the western Pennsylvania region. After reasonable investigation, Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 13. Defendants therefore deny the same.

14. Admitted.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied. By way of further answer, Miller never reported to Defendants that Dr. Coppula was discriminating or harassing Miller.

20. Denied.

21. Denied.

22. Admitted in part and denied in part. It is admitted that on or about September 26, 2021, Miller received a pay increase. After reasonable investigation, Defendants lack sufficient knowledge or information to form a belief as to the meaning of "promotion compensation change." Defendants therefore deny the same.

23. Admitted in part and denied in part. It is admitted that on or about March 27, 2022, Miller received a pay increase. After reasonable investigation, Defendants lack sufficient knowledge or information to form a belief as to the meaning of "promotion compensation change." Defendants therefore deny the same.

24. Denied. By way of further answer, Miller never reported to Defendants discriminatory or harassing behavior of Dr. Coppula.

25. Admitted in part and denied in part. It is admitted that in or about June 2022, a representative of Defendants communicated to Miller that she would not need to raise particular work-related issues with Dr. Coppula in the future. It is denied that this decision enraged Dr. Coppula or that he immediately took steps to have Miller fired. On the contrary, Dr. Coppula was not involved in any way with the referenced conversation and he was never involved with the decision to terminate Miller's employment.

26. Admitted in part and denied in part. It is admitted that Miller sought to take FMLA leave in summer 2022. After reasonable investigation, Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 26. Defendants therefore deny the same. By way of further answer, Defendants deny that Miller endured discriminatory or harassing behavior in her employment with Allegheny Clinic.

27. Admitted in part and denied in part. It is admitted that AbsenceOne was charged with processing and administering Miller's FMLA claim. After reasonable investigation, Defendants lack sufficient knowledge or information to form a belief as to whether Miller received the referenced paperwork on July 6, 2022, and therefore deny the same. By way of further answer, the allegations in Paragraph 27 refer to writings which speak for themselves. Defendants deny the allegations to the extent they mischaracterize the writings.

28. Admitted in part and denied in part. It is admitted that AbsenceOne confirmed that it received Miller's FMLA request and that it had provisionally approved her for FMLA to begin on July 25, 2022. After reasonable investigation, Defendants lack sufficient knowledge or information to form a belief as to whether Miller received the referenced paperwork on July 8, 2022, and therefore deny the same. By way of further answer, the allegations in Paragraph 28 refer to writings which speak for themselves. Defendants deny the allegations to the extent they mischaracterize the writings.

29. Denied as stated. By way of further answer, Allegheny Clinic notified Miller on or about July 12, 2022, that certain coworkers had raised serious complaints about her work performance and behaviors and that it needed to address these complaints with her.

30. Admitted in part and denied in part. It is admitted that on or about July 14, 2022, Allegheny Clinic met with Miller to discuss serious complaints made by multiple coworkers about

Miller, including using essential oils in the office on her coworkers, speaking negatively about coworkers, asking coworkers to attend after-hour functions at a bar, and crying in the office. It is denied that these were the only complaints made by her coworkers. Coworkers also complained that Miller touched them without permission, talked about their drinking habits and sex life, and asked staff to "spy" on certain providers, including Dr. Coppula and a female physician. The coworkers also stated that the person Miller often targeted with her intrusive personal questions and non-consensual touching was a gay coworker, and Miller seemed to be targeting this staff member based on the staff member's sexual orientation.

31. The allegations in Paragraph 31 refer to writings which speak for themselves. Defendants deny the allegations to the extent they mischaracterize the writings.

32. Admitted in part and denied in part. It is admitted that on July 26, 2022, 7 days after Miller's intermittent FMLA leave was approved, Allegheny Clinic terminated her employment. It is denied that AHN employed Miller. By way of further answer, the remaining allegations in Paragraph 32 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

33. Denied that Defendants failed to engage in the interactive process or that Miller was terminated "due to her disabilities." The remaining allegation in Paragraph 33 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

34. Denied that Defendants prevented Miller from taking FMLA leave or discriminated against her for seeking FMLA leave in July 2022. On the contrary, Miller's intermittent FMLA leave requests were approved. The remaining allegations in Paragraph 34 are legal conclusions to

which no response is required.  To the extent a response is required, Defendants deny the allegations.

35.     Denied that Defendants refused to investigate Miller's alleged claims against Dr. Coppula, refused to address her concerns of Dr. Coppula's alleged retaliation, or terminated her for conduct that other purportedly similarly situated employees would not be fired for.  The remaining allegations in Paragraph 35 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

36.     Denied that Defendants valued "a doctor's professional contributions over the health and well-being of a disabled, female employee."  The remaining allegations in Paragraph 36 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

37.     Admitted in part and denied in part.  It is admitted that Miller received her paychecks from Allegheny Clinic.  The remaining allegations in Paragraph 37 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

38.     Admitted in part and denied in part.  It is admitted that AHN is a health network comprised of 14 hospitals and more than 200 primary- and specialty-care practices in more than 300 clinical locations and offices.  It also is admitted that AHN has approximately 2,600 physicians in every clinical specialty, 21,000 employees, and thousands of volunteers.  The remaining allegations in Paragraph 38 are denied.

39.     The allegation "inextricably tied" is a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegation.  The remaining

allegations in Paragraph 39 refer to a writing which speaks for itself. Defendants deny the allegations to the extent they mischaracterize the writing.

40. Admitted in part and denied in part. It is admitted that certain HR-related functions are administered through Highmark Health; Miller's FMLA claims were administered through AbsenceOne; a third party administered a workers' compensation claim submitted on Miller's behalf; and Miller submitted requests through the website https://hrservices.highmarkhealth.org. The remaining allegations are denied. By way of further answer, the allegations in Paragraph 40 refer to writings which speak for themselves. Defendants deny the allegations to the extent they mischaracterize the writings.

41. Admitted in part and denied in part. It is admitted that Denise Imperatore participated in the investigation of the allegations against Miller made by her coworkers and the decision to terminate Miller's employment. It is denied that Imperatore is employed by AHN. On the contrary, she is employed by Allegheny Clinic. The remaining allegations of Paragraph 41 refer to a writing which speaks for itself. Defendants deny the allegations to the extent they mischaracterize the writing.

42. Denied.

43. Admitted.

44. Denied as stated. By way of further answer, Allegheny Clinic responded to the Charge of Discrimination and asserted itself as Miller's former employer.

45. Admitted.

46. Admitted.

47. The allegations in Paragraph 47 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

48.     Paragraph 48 is a paragraph of incorporation to which no response is required.

49.     Denied. By way of further response, Miller did not report to Defendants that Dr. Coppula was engaging in discriminatory and harassing behavior towards her.

50.     Admitted in part and denied in part. It is admitted that serious and substantiated complaints by Miller's co-workers resulted in her termination of employment. The remaining allegations are denied.

51.     Denied.

52.     The allegations in Paragraph 52 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

53.     The allegations in Paragraph 53 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. By way of further answer, Defendants deny that Miller is entitled to any damages, including general, compensatory, equitable, or punitive damages.

54.     Paragraph 54 is a paragraph of incorporation to which no response is required.

55.     Denied.

56.     Denied. By way of further response, the allegations of Paragraph 56 refer to a writing which speaks for itself. Defendants deny the allegations to the extent they mischaracterize the writing.

57.     The allegations in Paragraph 57 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

58.     The allegations in Paragraph 58 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. By way of further

answer, Defendants deny that Miller is entitled to any damages, including general, compensatory, equitable, or punitive damages.

59. Paragraph 59 is a paragraph of incorporation to which no response is required.

60. The allegations in Paragraph 60 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

61. Admitted in part and denied in part. It is admitted that Allegheny Clinic was aware that Plaintiff alleged to have a disability. The remaining allegations are denied.

62. The allegations in Paragraph 62 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

63. The allegations in Paragraph 63 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. By way of further answer, Defendants deny that Miller is entitled to any damages, including general, compensatory, equitable, or punitive damages.

64. Paragraph 64 is a paragraph of incorporation to which no response is required.

65. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 65. The same are therefore denied.

66. Admitted.

67. Admitted.

68. Admitted in part and denied in part. It is admitted that Allegheny Clinic terminated Miller's employment on July 26, 2022. It is denied that Defendants did not permit Miller to take FMLA leave. On the contrary, Miller's FMLA leave was approved.

69. The allegations in Paragraph 69 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

70. The allegations in Paragraph 70 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. By way of further answer, Defendants deny that Miller is entitled to any damages, including general, compensatory, equitable, or punitive damages.

To the extent a response is required to the allegations and legal conclusions contained in the various headings of the Complaint, Defendants deny all such allegations.

## REQUESTS FOR RELIEF

The unnumbered paragraph following Paragraph 70 of the Complaint contain a prayer for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever, requested or otherwise.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

Defendants reserve the right to assert any and all applicable defenses to Plaintiff's claims. Defendants have not yet obtained discovery from Plaintiff and others in connection with this action and, therefore, reserve the right to amend or otherwise supplement this pleading. Without limiting the generality of the foregoing and without regard to other defenses, Defendants set forth the following affirmative defenses within the meaning of Fed. R. Civ. P. 8(c) as well as additional defenses:

1. The Complaint fails in whole or in part to state a claim upon which relief may be granted.

2. AHN was not Plaintiff's employer and is not a proper defendant in this matter.

3. Plaintiff is not entitled to recover any damages because after-acquired evidence of Miller's wrongful or illegal acts or omissions – including but not limited to disclosing confidential

and proprietary information and retaining Defendants' property – provide an independent basis for her termination that cuts off any recovery of damages.

4. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

5. Plaintiff's claims are barred because she failed to exhaust her administrative remedies.

6. Plaintiff has not incurred any actual damages or injury.

7. To the extent Plaintiff alleges that she was injured or damaged, which injuries and damages are denied, the injuries and damages were caused solely by acts, wrongs, or omissions of persons, entities, forces, or things over which Defendants have no control and for which they are not legally responsible.

8. Plaintiff's claims are barred because she failed to mitigate damages and losses, if any.

9. Plaintiff is not entitled to recover any damages, including general damages, compensatory damages, consequential damages, liquidated damages, exemplary damages, penalties, attorneys' fees, interest, or costs.

10. Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred cannot be determined until Defendants have an opportunity to complete discovery. Therefore, Defendants incorporate all such affirmative defenses as though fully set forth herein.

11. Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent through pre-trial proceedings in this case and hereby reserves all rights to assert such defenses.

WHEREFORE, Defendants respectfully request judgment in their favor as follows and against Plaintiff as follows:

(a) The Complaint be dismissed with prejudice and that Plaintiff take nothing;

(b) Defendants be awarded their costs, disbursements, and attorneys' fees and expenses incurred therein;

(c) Defendants be awarded prejudgment and post-judgment interest on its costs and attorneys' fees at the maximum rate allowable by law; and

(d) Defendants be awarded such other and further relief as the Court may deem proper.

Dated:  July 21, 2023

Respectfully submitted,

*/s/ Jaime S. Tuite*
Jaime S. Tuite (PA 87566)
jaime.tuite@bipc.com
Nicholas J. Bell (PA 307782)
nicholas.bell@bipc.com

BUCHANAN INGERSOLL & ROONEY PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219-1410
Phone:  412-562-8800
Fax:  412-562-1041

*Attorneys for Defendants*